HEEB *v.* WASHINGTON BANK AND TRUST COMPANY.

[No. 25,959. Filed January 12, 1932.]

*Fred E. Barrett* and *L. Russell Newgent,* for appellant.

*Elliott, Weyl & Jewett,* for appellee.

MARTIN, J.—This is an appeal from an interlocutory order refusing to appoint a receiver in an action brought by a creditor of a bank and trust company alleging the insolvency thereof. The complaint alleged that appellant deposited $125 in the appellee bank on October 27, 1930, that, at said time, the bank was insolvent, to the knowledge of its officials, and that, on October 27, 1930, it closed its doors because of its inability to pay depositors. Appellant alleged that a trust was created in her favor, asked that her claim be adjudged a first and preferred lien upon the property of appellee and prayed for the appointment of a receiver.

At the time of the ruling below, the bank commissioner had assumed charge of the appellee bank and had (within the time provided in §3965 Burns Supp. 1929) commenced action in another court for the appointment of a receiver.

Error is assigned on the action of the court in sustaining appellee's motion to strike out the portion of the complaint which requested the appointment of a receiver, refusing to hear evidence in reference to the application for a receiver, and refusing to appoint a receiver. The appellee states that "the question involved in this case, as both sides agree, is this: Does the State Banking Act permit an individual creditor of a bank to

prosecute an application for the appointment of a receiver until the time allowed the Bank Commissioner and the Attorney General to do so has expired?" Supporting the action of the trial court, the appellee says:

"It is appellee's position that the statutes relating to state banks and trust companies is complete within itself; that it provides for the appointment of a receiver, for the means to be employed and the procedure to be followed, and that it excludes all other means and procedure, and that, while it does not wholly exclude a creditor from bringing such an action, it does postpone him until the designated officers have had an opportunity to act."

This court recently held in the case of *State, ex rel.,* v. *Superior Court of Marion County* (1931), 202 Ind. 589, 177 N. E. 322, that §3965 Burns Supp. 1929 provides exclusively the method of securing the appointment of receivers for banking corporations. That statute provides:

If a bank or trust company be in an insolvent or failing condition at the time of an examination, the examiner shall at once notify the Bank Commissioner.

If the bank or trust company fail or suspend between examinations, the officers shall notify the commissioner.

In either of the above events, the commissioner shall direct an examiner or a person appointed by him to at once take charge and control of the bank and all of its assets and records.

If the commissioner finds that the interests of the depositors and creditors require a receiver, he shall make application to the circuit court for the appointment of a receiver.

Notice of the application must be given to the stockholders and depositors by publication.

If the Bank Commissioner fails, neglects or refuses for 15 days to act as above indicated, creditors representing 25 per cent of the deposits and obligations may petition the Attorney-General, who shall, thereupon, himself apply for a receiver.

While the provisions of the statute end·there, we think it is undoubtedly true that if the Bank Commissioner fails to act, and the Attorney-General, being petitioned as in the act provided, should also fail or refuse to act, the individual creditors might then step in and act for themselves. Their right to file a petition for a receiver is not denied by the act of 1929; it is only postponed or suspended until the designated officials have had an opportunity to act and have failed, neglected or refused to discharge the duty imposed upon them by law.

The Bank Commissioner having made application for the appointment of a receiver for the appellee within the time allowed by law, it follows that the court correctly refused to hear appellant's application for a receiver.

Judgment affirmed.